IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES DOE and SUSAN DOE,
individually and as guardians of
JOHN DOE,

       Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,
*et al.*,

       Defendants.

Case No. 16-cv-0640-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to Proceed Anonymously (Doc. 10). Plaintiffs contend that, due to the highly sensitive and private nature of the facts involved, John—a minor child—would experience psychological harm and the family would risk retaliation if those highly sensitive facts were made public.

As a general matter, litigating under a pseudonym is disfavored as antithetical to our judicial system. *Doe v. City of Chicago, 3*60 F.3d 667, 669 (7th Cir. 2004). The open nature of proceedings allows for public access and monitoring. *Id*. However, the presumption that a party's name is public information can be rebutted by showing that the harm of identification outweighs the harm of anonymity. *Id*. "[T]he judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

A pseudonym may be used when necessary to protect the privacy of vulnerable parties. *Id*. Federal Rule of Civil Procedure 5.2(a) restricts filings to protect the privacy of minors.

Further, a likely target of retaliation—a "closeted homosexual," for example—has a compelling ground for anonymity.  *Doe, 3*60 F.3d at 669.  A number of district courts have found that transgendered plaintiffs may proceed anonymously because of the social stigma associated with non-conforming gender identities.  See *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F.Supp. 72, 72-73 (D.R.I. 1992).

Here, exceptional circumstances exist which rebut the presumption that a party's identity is public information.  The potential harm in exposing the names of John's parents—nothwithstanding any redaction of John's name pursuant to F.R.C.P. 5.2(a)(3)—outweighs any potential harm to the public resulting from anonymity.  Revealing Plaintiffs' names will not only allow for John's identification,  but will also expose Plaintiffs to the risk of retaliation by members of the public.

Accordingly, Plaintiffs' motion is **GRANTED.** This matter is **REFERRED** to the magistrate judge for the purpose of fashioning a protective order that will shield Plaintiffs' identities.  Further, within seven (7) days from the date of this Order, Plaintiffs shall file their true identities **under seal** so that the Court and all appearing attorneys may assess any potential conflicts of interest.

**IT IS SO ORDERED.**

**DATE: June 27, 2016**

                                                                              s/   *Staci M. Yandle*
                                                                              **STACI M. YANDLE**
                                                                              **DISTRICT JUDGE**